# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

DERWIN LASHUN WEBSTER,

    Plaintiff,

      v.

COUNTY OF LOS ANGELES, et al.,

    Defendants.

Case No. CV 12-656 ODW (MRW)

**ORDER DISMISSING ACTION**

    The Court summarily dismisses Plaintiff's long-pending civil rights action: (a) as <u>Heck</u>-barred; and (b) for failing to prosecute or abide by court orders.

* * *

    Plaintiff was arrested in 2006 on state drug trafficking offenses.  As a consequence of his arrest, Plaintiff remained in local custody for several years until his trial and conviction.  Additionally, according to his complaint, his children were removed from his custody.  (Docket # 20 at 2.)

    In 2012, Plaintiff filed a civil rights action in this Court.  The gist of his claims was that investigators and prosecutors falsely arrested him, prosecuted him,

1    and used false evidence to convict him.  (Docket # 3 at 4-7.)  Magistrate Judge

2    Wilner declined to serve the complaint on any of the named parties after screening

3    the pleading.  Instead, he issued a Report and Recommendation (later adopted by

4    the district judge) to: (a) dismiss the action as to the prosecutors as time-barred;

5    and (b) stay the action against the other law enforcement personnel based on Heck

6    v. Humphrey, 512 U.S. 477 (1994), and Wallace v. Kato, 549 U.S. 384 (2007).

7    (Docket # 20.)

8           In the interim, Plaintiff was convicted of the drug charges.  The trial court

9    sentenced him to a term of over 30 years in prison.  In 2014, the state appellate

10   court affirmed the conviction.  People v. Webster, 2014 WL 2814856 (Cal. App.

11   2014).  However, even though Plaintiff filed semi-regular reports with the Court

12   regarding the status of his criminal case, he failed to tell the Court that he lost his

13   appeal.  As a result, in April 2016, the Court ordered Plaintiff to explain the status

14   of his criminal case.  (Docket # 56.)  He failed to do so, instead filing an inaccurate

15   and broad statement that his state case was still ongoing.  (Docket # 57.)

16          The Court then lifted the stay in the action in May 2016.  (Docket # 58.)

17   The Court further ordered Plaintiff to submit a statement demonstrating "how he is

18   lawfully entitled to pursue" the claims relating to his arrest further in light of his

19   conviction and Heck.  (Id.)  The Court informed Plaintiff that his failure to respond

20   substantively to the Court's order could lead to the dismissal of the case under

21   Federal Rule of Civil Procedure 41.

22          Plaintiff submitted several requests for extension of time to respond to the

23   Court's inquiry.  (Docket # 59, 61.)  He also asked for another indefinite stay of the

24   case.  (Docket # 63.)  However, five months after the Court lifted the stay over

25   Plaintiff's four-year-old case alleging ten-year-old misconduct, he still has not

26   responded to the Court's basic inquiry as to why he can maintain this action in

27   federal court.

28

* * *

1.     A prisoner may not pursue a Section 1983 claim where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." <u>Heck</u>, 512 U.S. at 487. If judgment in favor of a plaintiff would imply the invalidity of a criminal conviction, then the "complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." <u>Id.</u>; <u>Stewart v. Roderick</u>, ___ F. App'x ___, 2016 WL 4474829 (9th Cir. Aug. 25, 2016) (same).

2.     Plaintiff's claims against the state investigators allege that they falsely arrested him, maliciously prosecuted him, and improperly incarcerated him. (Docket # 20 at 2.) Those claims necessarily imply the invalidity of his recently-affirmed conviction. As a result, <u>Heck</u> mandates their dismissal. <u>Lawrence v. City of Chino</u>, No. CV 04-6466 DSF (SHx), 2006 WL 4811344 at *3 (C.D. Cal. 2006) ("Here, however, the section 1983 claims are based on Plaintiff's alleged false arrest for the robbery. A judgment in Plaintiff's favor would not necessarily imply that his conviction for being a felon in possession of ammunition was invalid."); <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (claims for false arrest and false imprisonment not cognizable; a finding of no probable cause to arrest plaintiff for disturbing the peace necessarily implies that plaintiff's conviction for disturbing the peace was invalid).

3.     Plaintiff's vague claims involving the termination of his custody of his children – and the involvement of law enforcement in that proceeding – fare no better. The bare fact that Plaintiff will serve three decades in prison following his lawful 2006 arrest makes his claims of unconstitutional misconduct frivolous. Moreover, Plaintiff essentially wants this federal court intervene in or evaluate the merits of Plaintiff's state court child custody action. But a federal court must abstain from interfering with the state judicial process. <u>Younger v. Harris</u>,

1  401 U.S. 37 (1971); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  Any claim

2  that the effect of Plaintiff's lawful arrest led to the loss of custody of his children is

3  not remediable in this federal civil rights action.

4         4.     Dismissal is also proper under Federal Rule of Civil Procedure 41.

5  Rule 41(b) provides that if a party "fails to prosecute or to comply with these rules

6  or a court order, a defendant may move to dismiss the action or any claim against

7  it."  Dismissal also may be ordered by the Court sua sponte.  Link v. Wabash R.R.,

8  370 U.S. 626, 629-30 (1962).  Dismissal of a civil action under Rule 41 may be

9  appropriate to advance the public's interest in the expeditious resolution of

10  litigation, the court's need to manage its docket, and to avoid the risk of prejudice

11  to defendants.  Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010).

12  Additionally, a court should consider the public policy favoring disposition of

13  cases on their merits and the availability of less drastic alternatives in its

14  evaluation.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

15         5.     These factors weigh heavily in favor of dismissal.  The Court stayed

16  Plaintiff's action – rather than dismiss it outright – during the pendency of

17  Plaintiff's criminal case and appeal.  When the Court discovered that the state

18  criminal action was over, it became apparent that Plaintiff had no legitimate

19  interest in moving the case forward (despite filing his formulaic, periodic status

20  reports).  Further, the Court gave Plaintiff numerous opportunities to explain the

21  merits of his claims after the lifting of the stay.  Plaintiff failed to respond

22  substantively.  The Court, the named defendant, and the public have a considerable

23  interest in the prompt resolution of this action.  Omstead, 594 F. 3d at 1084.

24  Furthermore, because Plaintiff is a pro se litigant who has been unable to abide by

25  the Court's orders to date, no sanction short of dismissal will be effective in

26  moving this case forward.  Carey, 856 F.2d at 1440.

27                             * * *

28

Therefore, for the reasons set forth above, the action is hereby DISMISSED without prejudice and without leave to amend.  Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (Heck dismissals are without prejudice); McQuillon v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004) (where amendment would be futile, complaint may be dismissed without leave to amend).


IT IS SO ORDERED.


Dated:  October 6, 2016                    _____

                                           HON. OTIS D. WRIGHT II
                                           UNITED STATES DISTRICT JUDGE



Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE